Paul M. Levine (007202)
Matthew A. Silverman (018919)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorney for: Secured Creditor,
OneWest Bank FSB, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re | ) Case No. 2:08-bk-18814-JMM |
| | ) |
| | ) Chapter 11 |
| Craig M Meier, | ) |
| | ) |
| Debtor(s). | ) |
| | ) OBJECTION TO CONFIRMATION OF |
| | ) CHAPTER 11 PLAN |
| | ) |
| | ) |
| | ) |
| _____ | ) |

OneWest Bank FSB, its assignees and/or successors, and its servicing agent OneWest Bank, FSB, ("Secured Creditor") in the above-entitled Bankruptcy proceeding submits the following Objections to Confirmation of the Chapter 11 Plan proposed by ("Debtor") Craig M Meier.

1.     This objecting Secured Creditor holds first priority Deed of Trust on the subject property commonly known as 16941 North 102nd Way, Scottsdale, AZ 85255.  As of 12/26/2008, the total amount of the claim was $450,993.89, described in the Proof of Claim filed by this Secured Creditor on or about 2/04/2009.

2.    The Disclosure Statement sets forth treatment of the property at 16914 N. 102nd Way in Class B8 found on page 14.  Our claim is impaired under the plan, as the Debtor is proposing that the Claim be allowed in the amount of $225,496.94, which it calculates as one half the outstanding loan, and our Client shall retain a security interest in the property and will paid over 30 years at 4.75% interest.  In the alternative, Debtor proposes paying the whole loan amount of $450,993.89 over 40 years, with the first 60 months at 2.5% interest and the remaining 420 months at 4.75% interest.  The Debtor is attempting to cram down our lien pursuant to 506(a), and the Disclosure Statement does not provide information regarding our Client's rights to make an 1111(b)(2) election in response to the cramdown of the loan's value, and therefore fails to contain adequate information relevant to the risks posed to creditors under the plan.

3.    On Page 21 in Article VII, the Disclosure Statement fails to provide any meaningful analysis as to tax consequences of the plan, simply advising the Secured Creditor to consult its own tax authorities.

4.    Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor(s) shall commence making the payments proposed by the Plan within 30 days after the Petition is filed.  The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed.  The Debtor(s) filed the Petition on or about 12/26/2008, and has not made _any_ payments to Secured Creditor.  As such, the Plan cannot be confirmed.

///
///
///
///
///
///
///
///
///
///
///

CONCLUSION

Any Chapter 11 Plan proposed by the Debtor(s) must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 11 Plan as proposed by the Debtor(s) be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor.

WHEREFORE, Secured Creditor prays as follows:

1.     That confirmation of the Proposed Chapter 11 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor;

2.     For attorneys' fees and costs herein,

3.     For such other relief as this Court deems proper.


Dated:   October 5, 2009          **McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A. Silverman___
     Paul M. Levine
     Matthew A. Silverman
     3636 North Central Avenue
     Suite 1050
     Phoenix, AZ  85012
     Attorneys for Movant

File No.  . AZ09-377
Objection to Plan, Case No. 08-18814-JMM

On 10/5/2009, I served the foregoing documents described as **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR(S)
Robert M. Cook
robertmcook@yahoo.com

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ciprian Scutariu

On 10/5/2009, I served the foregoing documents described as **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**, on the following individuals by placing true copies thereof enclosed in sealed envelopes addressed as follows:

DEBTOR(S)
Craig M Meier
7181 E Camelback Rd #310
Scottsdale, AZ 85251

SPECIAL NOTICE
National City Mortgage Co., C/O Mark S. Bosco.
MARK 7 BOSCO
2525 EAST CAMELBACK ROAD, STE 300,
PHOENIX, AZ 85016

Countrywide Home American Mortgage Company, LLC
GERARD R O'MEARA
1 S. CHURCH AVE., #1900
TUCSON, AZ 85701

Countrywide Home American Mortgage Company, LLC
DEAN R. PROBER
20750 VENTURA BLVD., #100
WOODLAND HILLS, CA 91364

CONCORD MORTGAGE COMPANY, its successors and/or assigns,
Gerard R. O'Meara
1 S. Church Ave. Suite 1900
Tucson, AZ 85701-1627

CitiMortgage Inc.
HILARY B. BONIAL
PO BOX 829009
DALLAS, TX 75382-9009

CitiMortgage Inc.
MARK 6 BOSCO
TIFFANY & BOSCO
2525 EAST CAMELBACK ROAD, STE 300
PHOENIX, AZ 85016

Duxford Financial, Inc.
GERARD R O'MEARA
1 S. CHURCH AVE., #1900
TUCSON, AZ 85701

Morgan Stanley Credit Corp.
MARK 6 BOSCO
2525 EAST CAMELBACK ROAD, STE 300
PHOENIX, AZ 85016

Regions Mortgage, C/ O Mark S. Bosco.
TIFFANY & BOSCO
2525 EAST CAMELBACK ROAD, STE 300
PHOENIX, AZ 85016

Wells Fargo Bank, N.A. C/O Mark S. Bosco.
MARK 7 BOSCO
2525 EAST CAMELBACK ROAD, STE 300
PHOENIX, AZ 85016

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Nancy Bustos